## NEW YORK TRUST CO. v. ISLAND OIL & TRANSPORT CORPORATION et al.

(District Court, S. D. New York. August 20, 1925.)

Receivers ⊚⊐153—State franchise taxes held entitled to priority over claims of general creditors of corporation.

Where receivers of Virginia corporation appointed in federal court in Southern district of New York determined to preserve corporation's rights as such and to carry on business as a corporation, claims by commonwealth of Virginia for franchise taxes were entitled to priority over claims of general creditors.

In Equity. Suit by the New York Trust Company against the Island Oil & Transport Corporation, the Island Oil-Marketing Corporation, Arthur J. Stevens and another, as receivers of both corporations, and the Antillian Corporation. Receivers directed in matter of payment of claims.

Kohlman & Austrian, of New York City, for receivers.

Chadbourne, Hunt, Jaeckel & Brown, of New York City (William M. Chadbourne and Clinton DeWitt Van Sielen, both of New York City, of counsel), for noteholders' committee.

KNOX, District Judge. It is my opinion that the franchise taxes assessed by the commonwealth of Virginia against Island Oil & Transport Corporation for the years 1924 and 1925 are entitled to priority of payment over the claims of general creditors. Were this estate being administered in a federal court in Virginia, there is no doubt that the taxes would be recognized for what the laws of that state say they are, and would accordingly be awarded priority. I have some difficulty in seeing why, as a matter of comity and discretion, aside from other consideration, this court, engaged as it is in administering the affairs of a Virginia corporation, should not (if at all possible) recognize a sovereign claim that would be unquestionable, were it not for the incidents of venue and the form of suit.

But the equities of the situation appeal to me as demanding the payment of the taxes. By this I mean that, in administering the estate, the receivers have carried on the business of the corporation. In so doing, they have exercised its right to existence, conferred upon it by the commonwealth of Virginia. Why should the price of that right of existence, as determined by the state, not be paid? Whatever benefits there may have been from that method of doing business have accrued to the creditors. It is possible that, had the receivers dealt with the properties of the corporation, without reference to the corporate entity against which the taxes have been assessed, the creditors would have fared as well as under the course of procedure that was followed. The answer to this is that it was thought of advantage to preserve the corporate rights of Island Oil & Transport Company. It must be admitted that such consideration was without appeal to the majority of the court in Franklin Trust Co. v. New Jersey, 181 F. 769, 104 C. C. A. 629. Nevertheless, until I am definitely constrained to follow the decision there made, I shall not do so.

The necessity or desirability of keeping alive the charter of Island Oil & Transport Company may have passed. If so, the receiver appointed by a federal court should, I think (and if it may be done), affirmatively surrender the charter, rather than to allow it to be nullified through the nonpayment of taxes.

The receivers are instructed to pay the franchise taxes shown by the petition to be due the commonwealth of Virginia.